UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Metro Motors, LLC, d/b/a
Luther Nissan,

Plaintiff,

v.

Nissan Motor Corporation in USA,

Defendant.

Civ. File No. 00-2120 (PAM/JGL)

**MEMORANDUM AND ORDER**

---

This matter is before the Court on Defendant's Motion to Dismiss. Defendant contends that Plaintiff has failed to allege that it has standing to bring the claims in the Amended Complaint, or that those claims are not ripe. For the reasons that follow, the Court grants in part and denies in part Defendant's Motion.

## BACKGROUND

Plaintiff's Amended Complaint seeks declaratory judgments and an injunction against Defendant Nissan Motor Corporation in USA ("Nissan"). Plaintiff is a Nissan dealer. In 1998, Plaintiff began selling and servicing cars manufactured by Kia, another automobile manufacturer, at its dealership. According to Nissan, the terms of the Franchise Agreement between Plaintiff and Nissan require Plaintiff's dealership to sell only Nissan vehicles. The parties have engaged in lengthy negotiations regarding this exclusivity requirement, but Nissan has not issued a notice of intent to terminate the agreement. Instead, Nissan

FILED APR 17 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

attempted to persuade Plaintiff to sign an amendment to the Agreement that provided that Plaintiff would stop selling and servicing Kia automobiles in June 2001. Plaintiff refused to sign the Amendment.

Upon Plaintiff's refusal to sign the Amendment, Nissan threatened to pursue its legal remedies, including termination. (Hushek Aff. Ex. 6 (Aug. 18, 2000, letter from Nissan to Pl.).) Plaintiff then brought this action, asking the Court to issue a declaratory judgment that Nissan's actions violate Minnesota's Motor Vehicle Sale and Distribution Regulations, Minn. Stat. § 80E.01 et seq. (the "Act"). Specifically, the Amended Complaint requests declarations that: (1) any termination would be in violation of §§ 80E.06 and 80E.07 of the Act, which permit termination only for good cause and provide that failure to maintain an exclusive dealership does not by itself constitute good cause; (2) the provisions of the Franchise Agreement and the Amendment violate § 80E.135, which prohibits attempts to waive or nullify the provisions of the Act; (3) the Amendment violates § 80E.13(j), which ostensibly prohibits a manufacturer from requiring a dealer to prospectively relinquish its rights under the Act;[1] and (4) Nissan's threat to terminate Plaintiff's franchise unless Plaintiff signed the Amendment violated § 80E.12(e), which prohibits a manufacturer from requiring a dealer to enter into an agreement by threatening to cancel the dealer's franchise. In Count

---

[1] Plaintiff conceded at the hearing on this matter that Minn. Stat. § 80E.13(j) does not apply to the claims in Count III of the Amended Complaint. Plaintiff now contends that §§ 80E.135 and 80E.17 prohibit the actions complained of in Count III. Section 80E.135 prohibits a manufacturer from using a written instrument "to attempt to nullify or modify any provision of [the Act]." Read broadly, Count III states a violation of this section.

Five of the Amended Complaint, Plaintiff seeks an injunction to prevent Nissan from continuing to threaten Plaintiff, and to prevent Nissan from terminating the parties' Agreement in violation of Minnesota law.

## DISCUSSION

Nissan first asserts that Count One of the Amended Complaint is not ripe, or that no actual controversy exists as to the claims in this Count. A declaratory judgment can be entered even though future contingencies may determine whether a controversy becomes real. However, the Court must decide the "practical likelihood" that the contingencies will occur. GTE Directories Pub. Corp. v. Trimen Am., Inc., 67 F.3d 1563, 1569 (11th Cir. 1995) (quoting 10A C. Wright, A. Miller & M. Kane, Federal Practice & Procedure, § 2757, at 587 (2d Ed. 1983)).

The Act requires Nissan to issue a notice of intent to terminate 90 days prior to any termination. Minn. Stat. § 80E.08. In that notice, Nissan must specify the reasons for the termination. Id. Count One of the Amended Complaint seeks a declaration that, if Nissan terminates the parties' Franchise Agreement, and if the notice of intent to terminate states that the termination is because of Plaintiff's violation of the exclusivity provision, Nissan does not have good cause to terminate and thus the termination violates the Act.

The likelihood that all of these contingencies will occur and make the controversy between the parties real is too speculative. Nissan has not terminated the Franchise Agreement, and has not issued a notice of intent to terminate. The Court cannot presume that

Nissan will terminate the Agreement, nor can the Court speculate as to what reasons Nissan might specify for such termination, and whether those reasons constitute good cause under the Act for termination. Therefore, Count One does not present an actual controversy, and the Court does not have subject matter jurisdiction over that Count.

Nissan also contends that Plaintiff does not have standing to bring its claims because it has failed to allege that it has suffered sufficient injury. According to Nissan, only those persons "whose business or property is injured by a violation of [the Act]" have standing to bring suit. Minn. Stat. § 80E.17. Plaintiff argues that it has satisfied the requirements for standing under Article III of the Constitution, because it has been "injured" by Nissan's threats.

In support of its position, Plaintiff cites Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992). In Lujan, the Court set forth the test for sufficient injury-in-fact for Article III standing, stating that sufficient injury exists if the plaintiff has suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical. Id. at 560. While Plaintiff may be correct that the injury it claims to have suffered is sufficient under the Constitution, Plaintiff is seeking relief under a statute that, at least for some claims, specifies a more stringent injury requirement. Plaintiff must meet the requirements for injury under the statute in order to pursue its claims. See Hamm v. Rhone-Poulenc Rorer Pharm., Inc., 187 F.3d 941, 952 (8th Cir. 1999) (civil RICO

plaintiff has standing only if he alleges injury to business or property as required by the statute).

The injury requirements in the Act are twofold. First, the Act allows "any person whose business or property is injured by a violation" of the Act to bring suit. Minn. Stat. § 80E.17. The Act also allows suits by "a person injured because of the refusal to accede to a proposal for an arrangement which, if consummated, would be in violation of [the Act]." Id. Thus, it appears that the Act creates a different injury requirement for different types of claims. For example, if a plaintiff alleges that the terms of a writing violate the Act, that plaintiff must show injury to business or property. Here, Counts Two and Five of the Amended Complaint allege this sort of violation of the Act. However, Plaintiff has not alleged the injury to business or property required by § 80E.17. Thus, Plaintiff does not have standing to bring Counts Two and Five.

Plaintiff's remaining claims, however, allege that Plaintiff has been injured by its refusal to accede to the Amendment. These claims require only that Plaintiff suffer "injury," and thus appear to require only injury sufficient to meet the requirements of the Constitution. Although Plaintiff's allegations of injury are not overly detailed, in Counts Three and Four Plaintiff has alleged that it has suffered or will imminently suffer injury as a result of Nissan's attempts to force Plaintiff to sign the Amendment, in violation of §§ 80E.135 and 80E.12(e), and as a result of Nissan's threat of termination for Plaintiff's failure to sign the Amendment. The injury to Plaintiff lies in the mere violation of the Act as well as in the fact

that Plaintiff is forced to operate with the proverbial "sword of Damocles" hanging over its head, never knowing when, or if, Nissan will decide to terminate the Franchise Agreement. This is not the injury to business or property contemplated by the first phrase of § 80E.17, but it is injury nonetheless, and sufficient under the second phrase of § 80E.17. See BP Chems. Ltd. v. Union Carbide Corp., 4 F.3d 975, 977 (Fed. Cir. 1993) ("The purpose of the [Declaratory Judgment] Act is to enable a person who is reasonably at legal risk because of an unresolved dispute, to obtain judicial resolution of that dispute without having to await the commencement of [some adverse] action by the other side. It accommodates the practical situation wherein the interests of one side to the dispute may be served by delay in taking [that] action."). For Counts 3 and 4, Plaintiff's allegations of injury are sufficient for standing purposes under both Article III and the Act.

**CONCLUSION**

Count One of the Amended Complaint fails to state an actual controversy, and must be dismissed. Plaintiff does not have standing to bring Counts Two and Five of the Amended Complaint, and those claims will likewise be dismissed. However, Plaintiff has standing to bring its claims in Counts Three and Four, and Defendant's Motion will be denied as to those Counts.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Dismiss (Clerk Doc. No. 22) is **GRANTED IN PART** and **DENIED IN PART**; and

2. Counts One, Two, and Five of the Amended Complaint are **DISMISSED WITHOUT PREJUDICE**.

Dated: April 16, 2001

Paul A. Magnuson
United States District Court Judge